### THIRD AVE. RY. CO. v. SECURITIES AND EXCHANGE COMMISSION.

Circuit Court of Appeals, Second Circuit.
Oct. 19, 1936.

Alfred T. Davison, of New York City, for petitioner.

John J. Burns, Gen. Counsel, Thomas J. Lynch, Asst. Gen. Counsel, and Francis S. Walker, all of Washington, D. C., for respondent Securities and Exchange Commission.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

Respondent moves to dismiss this appeal because the petitioner has not been aggrieved by any order, issued by it, to which the petitioner was a party. Section 25(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78y (a), 15 U.S.C.A. § 78y (a) confers jurisdiction upon the Circuit Court of Appeals to entertain a petition to grant a review of orders of the Commission. Petitioner agrees that, unless the letter of June 6, 1936, is an order of the Commission, the court is without jurisdiction.

On May 26, 1936, the petitioner filed a petition with the Commission asking it to amend its requirements, contained in form 10–K, so as to provide that, where registrants are common carriers by rail or omnibus and, as such, required by the laws of the state of New York to make annual reports to either division of the Department of Public Service Commission of the state of New York, they may file annual financial statements not certified by independent public accountants. In a letter of June 6, 1936, addressed to the general counsel of the petitioner, the request was acknowledged and the director of the Commission wrote: "The Commission has given due consideration to your application, and I have been directed to advise you that your petition to amend Item 8 of Form 10–K and the instructions relating thereto, was denied by the Commission on June 4."

No formal order was entered.

Section 25 (a) of the act (15 U.S.C.A. § 78y (a) reads: "Any person aggrieved

by an order issued by the Commission in a proceeding under this title [chapter] to which such person is a party may obtain a review of such order."

This presupposes a proceeding inter partes, between the Commission and the registrant. The letter of petitioner was merely a request to amend a rule of the Commission. It was not a proceeding within the meaning of section 25 (a). If there were disobedience in filing reports as required under form 10–K and a proceeding instituted against the petitioner and an order entered against it, petitioner might then have a right to file a petition to review in this court. But such is not this instance.

We are without jurisdiction to pass on the question presented, and the petition is dismissed.